## Pyburn v. Fourseam Coal Co.

November 29, 1946.

Don A. Ward and Sam M. Ward for appellant.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action, filed in the Perry circuit court on November 4, 1942, by appellant against appellee, sought to recover damages against defendant in the sum of $5,000 for personal injuries alleged to have been suffered by plaintiff on July 4, 1942, because of a defect in some part of the flooring in a residence building occupied by plaintiff located on the mining premises of defendant. The petition, as twice amended, states that on January 12,

1942, defendant by written contract leased to plaintiff's father, McKinley McCoy, the premises occupied by her at the time she sustained her injuries, a part of which was her miscarriage.

In the last amended petition she stated the defect in the floor was a defective plank, but hidden and not visible from the surface of the floor, and that she did not know its defective condition, nor could she discover it by the exercise of ordinary care. She did allege, however, that defendant knew on the day she sustained her injuries of the defect in the floor, but she did not state how long prior thereto it possessed such knowledge. She nowhere alleged that defendant possessed any such knowledge at the time the lease contract was made and possession given to plaintiff's father which, as we have said, was more than six months prior to the time plaintiff sustained her injuries. Neither the alleged written lease contract, nor a copy of it, was filed by plaintiff to any of her pleading, nor did she allege that she possessed no copy, but that the defendant did and then call upon it to produce the lease or a copy of it. She further alleged that the written lease contained the agreement on the part of the landlord, as a part of the consideration of McCoy renting the premises, "that it (defendant) would keep and maintain the house and premises in a reasonable safe condition not only for the benefit of the said McKinley McCoy and his family, but also for the benefit of all other parties who occupied the premises under and by authority of the said McKinley McCoy." (Our parenthesis.)

It was furthermore alleged by plaintiff that she was married to a Mr. Pyburn who under contract with her father as lessee, with plaintiff as his wife, occupied part of the leased premises. The court sustained a demurrer to the petition as amended, and plaintiff declining to plead further it was dismissed, from which she prosecutes this appeal.

The law governing the right of the parties under a lease contract, such as is alleged by plaintiff, is very much confused as will be seen from the cases and authorities cited post. They all, however, agree that liability of the landlord to the tenant, or another rightfully on the premises, does not attach under a mere con-

tract of lease without any stipulation for repairing the premises by the landlord, except that if the latter has knowledge of a hidden defect in the premises and fraudulently conceals from the lessee that fact, followed by an injury of the lessee, or a rightful occupant, the landlord is liable for the consequences because of his fraudulent concealment of the defects in the premises. As above said, it is not alleged anywhere in any of plaintiff's pleadings that defendant knew of the defect in the floor of which she complains at the time the lease contract was entered into.

However, even if the landlord would be liable for personal injury to the occupant of the leased premises under a covenant to keep the premises in repair (which a small minority of courts appear to hold) the same courts also hold that a disrepair occurring after the making of the lease and the taking of possession by the lessee, must have been known by the landlord for a sufficient time to enable him to make the repairs. No allegation of such knowledge on the part of defendant in this case is made by plaintiff in any of her pleadings. Furthermore the great majority of courts hold that even where there is an agreement on the part of the landlord to keep the premises in repair, yet he or it would not be liable for *personal* injuries sustained by a rightful occupant, unless the lease contract contained something indicating that such was the purpose of the parties at the time of the execution of the lease and possession given.

Plaintiff alleged that on a number of occasions after the lease was executed and possession given, defendant repeated orally his promise and agreement to her father and mother its agreement to keep the premises in repair, but which under the authorities post was without consideration, as well as useless, if the contract contained in its inception the same obligation or agreement. Mahan-Jellico Coal Co. v. Dulling, 282 Ky. 698, 139 S. W. 2d 749 and Brock v. Ettin, 303 Ky. 225. There is similar confusion in the opinions of the courts as to whether—where an action is sustainable—it should be one ex delicto based on negligence, or one ex contractu. But the difference in the character of action, if any, we consider as immaterial in this case. Text authorities treating of the merits under facts similar to those alleged by plaintiff in her position are: 32 A. J. 587, 589, 592, 597; secs.

446

706, 710, 717 and 723. Also annotations in 8 A. L. R. 765; 68 A. L. R. 1194, and 163 A. L. R. 300. The latest Kentucky case bearing upon the legal question here involved is Roland v. Griffith, 291 Ky. 248, 163 S. W. 2d 496, in which other prior cases are listed. It would therefore seem clear that the nearest to which plaintiff alleged facts imposing liability on the part of defendant for the damages she sustained to her person, was that it had knowledge of the condition of the floor, through which she fell, but as we have said, she nowhere charged that such knowledge was possessed by it at the time the premises were leased and her father (lessee) put in possession thereof. Neither did she allege that defendant's knowledge of the defect of which she complains had been acquired by it prior thereto for a sufficient time for it to have repaired the defect—all of the authorities agreeing that such reasonable time should be allowed for making the repairs. It follows therefore that the court did not err in sustaining the demurrer to the petition as amended and dismissing it upon plaintiff's declining to plead further.

Wherefore, the judgment is affirmed.