## Larkin et al. v. Baker et al.

May 28, 1948.

Rehearing denied November 23, 1948.

R. W. Keenon, Keenon & Odear and I. C. James for appellants.

Earl Dean and E. W. Draffen for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

Appellees, husband and wife, suffered personal injuries as the result of an accident which occurred while they were operating a hammer mill on the farm of appellants. They each recovered a judgment of $1,000. On this appeal the only question we deem it necessary to consider is whether or not appellants were entitled to a directed verdict.

Appellees were tenants of appellants. They moved onto the latters' farm in Mercer County in 1944. In a barn on the farm was a hammer mill, used for the purpose of grinding corn. In the fall of 1945, this hammer mill was operated by appellees, and appellants were there at the time and gave some assistance. On this occasion the belt which connected a stationary gasoline engine with the hammer mill was slipping off. In order to remedy this condition, either appellant Mr. Larkin or appellee Willie Baker constructed what is known as an "idler."

This idler consisted of two wooden oak planks 7 feet in length, which were attached to scaffolding above the pulley belt, extended below the belt and were fastened at the bottom by a bolt inserted through a length of pipe. A rope was attached to these planks and by manipulating the rope, the belt could be tightened and kept in line with the pulleys on the engine and the hammer mill. This device was located halfway between the two pieces of machinery. After the idler was constructed, on the following day the machinery was operated to grind corn for two or three hours, and worked satisfactorily. The evidence indicates that the hammer mill was not again used until March 7, 1946, at which time the accident occurred.

From the evidence it is impossible to determine just

what did happen. Appellees, with their son, were grinding corn. The mill had been in operation for over half an hour. All of a sudden the idler and the fly wheel on the engine fell apart, and appellees were struck by disintegrating objects. Mr. Baker's version of the cause of the mishap was as follows: "The idler pulled loose from up at top was all I know." Later in his testimony when asked if he knew what had occurred, he answered: "I don't know exactly; I heard the racket—pulling loose and it struck me before I could get away."

Mrs. Baker testified "when the mill started grinding, I started putting in corn, and the piece flew and evidently hit me—." Later in her testimony she stated that she could not tell how it happened.

Appellees' son, Morris, stated: "When the mill blowed up, exploded, I was putting water in the radiator, and when it all started flying around me, I went to the ground." Mr. Baker himself admitted that he had told a neighbor that "the engine blowed up."

Shortly before the accident Mr. Baker had been using a tobacco stick to "hold the belt on to get the idler tight." The son, Morris, had used the rope on the idler in some manner to tighten up the belt. In addition, Mrs. Baker had put some molasses on the belt to make it stick.

Appellees' principal theory of liability was that appellant, Mr. Larkin, negligently constructed the idler; that it was unsafe; that he assured appellees it was safe; and because of its defective construction, it was the cause of appellees' injuries. We note that appellees did not stick to this theory throughout the trial as they introduced an expert witness not only to testify about the idler, but to prove that the pulley had been improperly welded on the fly wheel of the engine.

Assuming, but not deciding, that appellant, Mr. Larkin, constructed the idler (which he emphatically denies); that it was negligently constructed; and that appellants would be liable if its defective condition caused the accident; we are unable to determine from this record that the idler was the cause.

It is to be noted from the testimony of appellees and their son, referred to above, that no one stated what

caused the machinery to fall apart or "explode." It is as probable that improper operation of the engine and hammer mill caused the accident as that a defective idler caused it. It is also just as probable that a latent defect in the engine fly wheel was the cause. To be more specific, the use of the tobacco stick by Mr. Baker may have thrown the pulley belt out of alignment. The tightening of the rope by the son may have created a dangerous condition. The use of molasses by Mrs. Baker may have affected the operation of the machinery. And finally, the pouring of water in the radiator by the son (the engine running at the time and doubtless hot) may have actually caused the engine to reverse itself or explode. There is evidence that the idler pulled loose from its support above the belt, but it is impossible to determine whether it pulled loose first or whether it was jerked loose because of a breakdown in some other part of the machinery.

If improper operation caused the accident, of course appellants would not be liable. If some defective condition other than the idler caused it, they would not be liable under the familiar rule that the landlord is not responsible for latent or hidden defects of which he has no knowledge. Roland v. Griffith, 291 Ky. 248, 163 S. W. 2d 496. In the case of King v. Creekmore, 117 Ky. 172, 77 S. W. 689, the defendant had leased to the plaintiff a sawmill, the boiler of which exploded and injured the plaintiff. It was held that even if the boiler was defective, the defendant had no duty to inspect it or keep it in a reasonably safe condition, and without an allegation that defendant had actual knowledge of the defect, plaintiff had no cause of action.

In view of all the evidence, the real cause of this mishap cannot be known or reasonably inferred. It is not the province of either the court or the jury to indulge in speculation or presume a negligent condition simply because an accident occurs. Gunn Coal Mining Co. v. Wilson, 277 Ky. 3, 125 S. W. 2d 774. As stated in Johnson, Administratrix v. Mobile & Ohio Railroad Company et al., 178 Ky. 108, at page 113, 198 S. W. 538, at page 541:

"If the evidence shows that the injury may have resulted from one of several causes, but only one of these

causes can be attributed to the defendant's negligence, the plaintiff has failed in his case, * * *."

See also Codell Construction Co. v. White, 251 Ky. 574, 65 S. W. 2d 690; and Potter et ux. v. Consolidation Coal Co. et al., 276 Ky. 404, 124 S. W. 2d 68.

On the record before us appellees failed to prove the alleged defective condition of the idler was the cause of their injuries, and they therefore failed to prove any actionable negligence on the part of appellants. Under such circumstances, appellants were entitled to a directed verdict.

The judgment is reversed for proceedings consistent herewith.