Colleen Sarah PINKSTON, Appellant,

v.

AUDUBON AREA COMMUNITY SERVICES, INC; and Lincolnshire North Apartments, Inc., Appellees.

No. 2006–CA–000473–MR.

Court of Appeals of Kentucky.

Dec. 1, 2006.

David M. Taylor, Owensboro, KY, for appellant.

Max S. Hartz McCarroll, Nunley & Hartz, Owensboro, KY, for appellees.

Before HENRY and WINE, JUDGES; BUCKINGHAM,[1] SENIOR JUDGE.

*OPINION*

WINE, Judge.

Colleen Sarah Pinkston appeals from a summary judgment by the Daviess Circuit Court dismissing her personal injury claim against her landlord, Lincolnshire North Apartments, Inc., and Audubon Area Community Services, Inc. She argues that the trial court erred in finding that Lincolnshire could not be liable for personal injuries caused by a breach of its agreement to repair her leased premises. Finding no error as to this conclusion, we affirm.

The underlying facts of this action are not in dispute. On January 31, 2002, Pinkston signed a residential apartment lease with Lincolnshire, a subsidiary of Audubon Area Community Services, Inc. The lease agreement did not specifically require Lincolnshire to maintain the premises, but did provide that Lincolnshire would "make necessary repairs with reasonable promptness." (Lease Agreement, p. 4).

On or about February 26, 2002, Pinkston moved into the apartment. Shortly after moving into the apartment, she noticed an oily substance on the stair steps and discovered that the handrail on the stairway leading to the upper floor of her apartment was loose. She made several requests to Lincolnshire staff to repair the handrail, but Lincolnshire took no action. Pinkston and other family members attempted to tighten the loose screw on the handrail.

However, Pinkston stated that the screw appeared to be stripped.

On the morning of March 30, 2002, Pinkston slipped while stepping onto the top step. As she fell, she grabbed the handrail but it came loose from the wall. As a result of the fall, Pinkston suffered bruises and an injury to her right ankle.

Thereafter, Pinkston brought this action against Lincolnshire and Audubon Area Community Services, alleging that her injuries were caused by Lincolnshire's failure to properly maintain the premises in a safe and habitable condition. Following discovery, Lincolnshire moved for summary judgment, arguing that it had no duty to repair the handrail. Lincolnshire also argued that it was entitled to tort immunity because it is a subsidiary of a charitable corporation. The trial court agreed with both grounds and dismissed Pinkston's complaint on February 1, 2006. This appeal followed.

■ The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). On appeal, this Court must determine whether the trial court erred in concluding that there was no genuine issue as to any material fact and that the moving party was entitled to a judgment as a matter of law. *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). Because summary judgments involve no fact finding, this Court reviews them *de novo,* in the sense that we owe no deference to the conclusions of the trial court. *Blevins v. Moran,* 12 S.W.3d 698, 700 (Ky.App. 2000).

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

■ In support of summary judgment, Lincolnshire primarily relies on the general rule that a tenant takes the premises as she finds them. In the absence of a special agreement to do so, made when the contract is entered into, there is no obligation upon the landlord to repair the leased premises. *Miles v. Shauntee*, 664 S.W.2d 512, 518 (Ky.1983). Likewise, a landlord will not be liable for injuries caused by defects in the leased premises unless the condition is unknown to the tenant and not discoverable through reasonable inspection. *Milby v. Mears*, 580 S.W.2d 724, 728 (Ky.App.1979), citing *Parson v. Whitlow*, 453 S.W.2d 270 (Ky.1970); *Carver v. Howard*, 280 S.W.2d 708 (Ky. 1955); *Larkin v. Baker*, 308 Ky. 364, 214 S.W.2d 379 (1948); *Consolidation Coal Co. v. Zarirs*, 222 Ky. 238, 300 S.W. 615 (1927); and *Speckman v. Schuster*, 183 Ky. 326, 209 S.W. 372 (1919). Since the condition was obvious and was known to Pinkston for several weeks before she fell, Lincolnshire argues that it had no liability for the injuries caused by the loose handrail. *Pyburn v. Fourseam Coal Co.*, 303 Ky. 443, 197 S.W.2d 921 (Ky.1946).

In response, Pinkston notes that Lincolnshire agreed in the lease to "make necessary repairs with reasonable promptness." Consequently, she contends that Lincolnshire assumed a duty to repair the premises and is liable for damages arising from the breach of its duty. But in *Spinks v. Asp*, 192 Ky. 550, 234 S.W. 14 (1921), the former Court of Appeals held that a landlord is not liable for injuries caused by breach of a covenant to make repairs to a leased premises. Rather, the remedy for breach of an agreement to repair is the cost of repair. *Id.* at 16.

■ Curiously, *Spinks* has never been cited in a published Kentucky case since it was rendered in 1921. As a result, Pinkston suggests that the case is no longer good law. However, we note that *Spinks*

relies on established Kentucky precedent holding that a landlord is not liable for personal injuries growing out of the failure to repair. As in any other contract, the breach of a repair agreement does not extend the landlord's liability beyond damages outside of the reasonable contemplation of the parties. *Dice's Administrator v. Zweigart's Administrator*, 161 Ky. 646, 171 S.W. 195 (1914). This holding remains a generally accepted principle for recovering damages arising from a breach of contract. *See University of Louisville v. RAM Engineering & Construction, Inc.*, 199 S.W.3d 746, 748 (Ky.App.2005). Thus, even assuming that the lease provision imposes an affirmative duty on Lincolnshire to make repairs, we cannot find that Lincolnshire is liable for personal injuries arising from its breach of the agreement to repair.

Although we find that the trial court properly granted summary judgment on this ground, we disagree with the trial court that Lincolnshire and Audubon Area Community Services are entitled to immunity as a charitable corporation. Kentucky abrogated the charitable immunity rule in *Mullikin v. Jewish Hospital Association of Louisville*, 348 S.W.2d 930 (Ky.1961). Furthermore, neither Lincolnshire nor Audubon Area Community Services have made a showing that they are entitled to any form of governmental immunity. This issue is moot, however, because Lincolnshire and Audubon Area Community Services were entitled to summary judgment on another basis.

Accordingly, the summary judgment granted by the Daviess Circuit Court is affirmed.

ALL CONCUR.