Patricia S. MILLER, Appellant,

v.

Clinton K. CUNDIFF; Cundiff Square Town Center, Ltd., Appellees.

No. 2005–CA–002536–MR.

Court of Appeals of Kentucky.

May 11, 2007.

Discretionary Review Denied by Supreme Court March 12, 2008.

Elizabeth R. Seif, Stephen J. Isaacs, Lexington, KY, for appellant.

Eileen O'Brien, Lizabeth Ann Tully, Lexington, KY, for appellees.

Before WINE, Judge; BUCKINGHAM and HENRY, Senior Judges.[1]

*OPINION*

WINE, Judge.

Patricia S. Miller appeals from a summary judgment of the Pulaski Circuit Court dismissing her personal injury claim against her landlord, Clinton K. Cundiff and Cundiff Square Town Center, Ltd. ("Cundiff"). Miller argues that she may properly bring a claim for personal injuries arising from Cundiff's failure to repair a loose carpet in her apartment. We agree with the trial court, however, that a landlord is ordinarily not liable for personal injuries caused by an open and obvious condition on the leased premises. Hence, we affirm.

On March 17, 1999, Miller signed a residential apartment lease with Cundiff. At the time Miller moved into the apartment, there was a three-inch gap in the carpet at the place where the hallway and the living room joined. The carpeting on either side of the gap was curled up slightly. Miller admits that she noticed the condition when she first walked through the apartment, and she states that she asked Cundiff to repair the carpet. Miller states that she made several additional requests for repairs over the next ten weeks. Cundiff denies receiving any such requests from Miller.

On May 27, 1999, Miller tripped and fell over the gap in the carpet. As a result of the fall, she suffered a broken wrist. Thereafter, she brought this action against Cundiff, seeking damages for her injuries under the Uniform Residential Landlord Tenant Act ("URLTA"), KRS 383.500 *et seq.*, which has been adopted in Pulaski County. Following discovery, the trial court granted Cundiff's motion for summary judgment. Cundiff relied on the common-law rule that a landlord has no duty to repair leased premises in the absence of an agreement to do so. The trial

**1.** Senior Judges David C. Buckingham and Michael L. Henry sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

court concluded that the URLTA does not alter the common-law rule, and thus, Cundiff had no liability to Miller for its failure to repair the carpet. Miller now appeals.

"[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). On appeal, this Court must determine whether the trial court erred in concluding that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). "Because summary judgments involve no fact finding, this Court reviews them de novo, in the sense that we owe no deference to the conclusions of the trial court." *Blevins v. Moran,* 12 S.W.3d 698, 700 (Ky.App.2000).

■ In support of summary judgment, Cundiff primarily relies on the general rule that a tenant takes the premises as she finds them. "In the absence of a special agreement to do so, made when the contract is entered into, there is no obligation upon the landlord to repair the leased premises." *Miles v. Shauntee,* 664 S.W.2d 512, 518 (Ky.1983). Likewise, a landlord will not be liable for injuries caused by defects in the leased premises unless the condition is unknown to the tenant and not discoverable through reasonable inspection. *Milby v. Mears,* 580 S.W.2d 724, 728 (Ky.App.1979), *citing Parson v. Whitlow,* 453 S.W.2d 270 (Ky.1970); *Carver v. Howard,* 280 S.W.2d 708 (Ky. 1955); *Larkin v. Baker,* 308 Ky. 364, 214 S.W.2d 379 (1948); *Consolidation Coal Co. v. Zarirs,* 222 Ky. 238, 300 S.W. 615 (1927); and *Speckman v. Schuster,* 183 Ky. 326, 209 S.W. 372 (1919). Since the condition was obvious and was known to Miller at the time she rented the apartment, Cundiff argues that it had no liability for the injuries caused by the gap in the carpet. *Pyburn v. Fourseam Coal Co.,* 303 Ky. 443, 197 S.W.2d 921 (1946).

■ In response, Miller contends that this rule does not apply for two reasons. First, Miller asserts that Cundiff repeatedly promised to repair the carpet. While she concedes that the lease is silent on this issue, Miller argues that Cundiff undertook a duty to make repairs by making these promises. But recently, in *Pinkston v. Audubon Area Community Services, Inc.,* 210 S.W.3d 188 (Ky.App.2006), this Court reaffirmed the common-law rule "that a landlord is not liable for injuries caused by breach of a covenant to make repairs to a leased premises. Rather, the remedy for breach of an agreement to repair is the cost of repair." *Id.* at 190, *citing Spinks v. Asp,* 192 Ky. 550, 234 S.W. 14, 16 (1921). Thus, even if we agreed that these oral representations could impose such a duty on Cundiff, Miller still would not be entitled to recover damages for her injuries.

■ And second, Miller argues that she is entitled to bring an action for her injuries under the URLTA. Under the URLTA, a landlord has a duty to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition[.]" KRS 383.595(1)(b). A separate section of the URLTA grants an aggrieved party the right to recover damages. KRS 383.520(1). Thus, Miller contends that the URLTA, when read as a whole, abrogates the common-law rule which immunizes a landlord from liability for injuries caused by defects in the leased premises.

In support of this conclusion, Miller relies heavily on a recent Wyoming case, *Merrill v. Jansma,* 86 P.3d 270 (Wyo.

2004). In *Merrill,* the Supreme Court of Wyoming examined the effect of that state's Residential Rental Property Act on the common-law rule. The court stated that the adoption of statutes like the URLTA was "illustrative of the overwhelming movement nationwide away from landlord immunity and toward landlord responsibility for known dangers and those which ought to be known with the exercise of reasonable care." *Id.* at 277. The court further concluded that the legislature's imposition on landlords of a duty to repair leased premises carries with it an implied rejection of the common-law rule. Thus, the Wyoming court determined that a tenant may bring an action for personal injuries caused by negligent maintenance of the leased premises. *Id.* at 287. *See also New Haverford Partnership v. Stroot,* 772 A.2d 792 (Del.2001); *Newton v. Magill,* 872 P.2d 1213 (Alaska 1994); *Thompson v. Crownover,* 259 Ga. 126, 381 S.E.2d 283, 284–85 (1989); and *Young v. Garwacki,* 380 Mass. 162, 402 N.E.2d 1045, 1049 (1980).

■ Although some of the analysis in *Merrill* and similar cases is instructive, we find the reasoning of those cases to be unpersuasive. As Cundiff correctly points out, the legislature's intention to abrogate the common law must be clearly apparent, and is not to be presumed. *Ruby Lumber Co. v. K.V. Johnson Co.,* 299 Ky. 811, 187 S.W.2d 449, 453 (1945). KRS 383.510 states that "[u]nless displaced by provisions of [the URLTA], the principles of law and equity ... supplement [the URLTA's] provisions." This language clearly indicates that the URLTA was intended to supplement, not replace the common law. Therefore, contrary to the reasoning in *Merrill,* we cannot find that Kentucky's version of the URLTA demonstrates a clear intention on the part of the legislature to depart from the common-law standard for landlord liability. *See Tighe v. Cedar Lawn, Inc.,* 11 Neb.App. 250, 649 N.W.2d 520, 528 (2002), examining identical language in Nebraska's version of the URLTA.

Moreover, unlike other jurisdictions which have enacted the URLTA on a state-wide basis, Kentucky merely authorizes individual counties and cities to adopt the provisions of the URLTA. KRS 383.500. Such a limited and local adoption of the URLTA does not lend itself to a conclusion that the legislature intended a sweeping modification of the common law. To the contrary, such a piecemeal abrogation of the common law would likely violate the constitutional provisions against local or special legislation. *Ky. Const.* § § 59, 60. *See also Miles v. Shauntee, supra,* finding a prior version of the URLTA unconstitutional because it only applied to counties containing a city of the first class or an urban county government.

■ We conclude, therefore, that to the extent the URLTA imposes a duty on landlords to make repairs to leased premises, the landlord's liability for breach of that duty does not extend beyond that authorized at common law for breach of a contractual duty to repair. At common law, the breach of a repair agreement does not extend the landlord's liability beyond damages outside of the reasonable contemplation of the parties. *Dice's Administrator v. Zweigart's Administrator,* 161 Ky. 646, 171 S.W. 195 (1914). As found in *Pinkston, supra,* the remedy for breach of a duty to repair is limited to the cost of repair. 210 S.W.3d at 190, *citing Spinks,* 234 S.W. at 16. This result preserves the effectiveness of the URLTA's enforcement provisions, but also incorporates the common-law rule.

In this case, Miller only sought damages for her personal injuries. The trial court correctly concluded that such damages are

not available under the common law or the URLTA. Since this is entirely a matter of law, the trial court properly granted summary judgment for Cundiff.

Accordingly, the summary judgment of the Pulaski Circuit Court dismissing Miller's complaint is affirmed.

ALL CONCUR.