**Theresa JAIMES, Appellant,**

v.

**Michael D. THOMPSON, Appellee.**

**No. 2008–CA–002355–MR.**

Court of Appeals of Kentucky.

July 30, 2010.

Sheila P. Hiestand, Louisville, KY, for appellant.

William P. Swain, William B. Orberson, Louisville, KY, for appellee.

Before ACREE, KELLER and LAMBERT, Judges.

## OPINION

ACREE, Judge:

Appellant, Theresa Jaimes, seeks reversal of the Jefferson Circuit Court's grant of summary judgment denying her recovery for injuries sustained when she slipped and fell on property owned by the appellee. The appellee, Michael Thompson, did not retain control of the premises where Theresa Jaimes' injury occurred. Therefore, he is not liable and the decision of the Jefferson Circuit Court is affirmed.

Ms. Garcia–Maldonado rented a single-family residence from appellee, Michael D. Thompson. On or about September 4, 2006, Theresa Jaimes fell while ascending the steps leading to Ms. Garcia–Maldonado's front door. Jaimes sought to recover damages incurred as result of the fall in a negligence action against Thompson, alleging that the steps were in a defective condition. Jaimes asserts that Thompson had a duty to maintain the stairs and that he was liable to her because she was an invitee on the premises.

The circuit court granted summary judgment in Thompson's favor finding that Thompson did not maintain complete possession and control over the steps and did not have a duty to repair the premises. Therefore, he was not liable. On appeal, this court must determine if the moving party is entitled to judgment as a matter of law and the decision of the circuit court is reviewed *de novo*. *Miller v. Cundiff*, 245 S.W.3d 786, 788 (Ky.App.2007).

When determining whether a residential landlord is liable for injuries sustained on leased property, there is a critical distinction between properties leased wholly by one tenant and properties leased by numerous tenants. When a tenant maintains complete control and possession over the premises and the landlord has no contractual or statutory obligation to repair, the landlord is only liable for "the failure to disclose known latent defects at the time the tenant leases the premises." *Carver v. Howard*, 280 S.W.2d 708, 711 (Ky.App.1955). However, when a

portion of the premises is retained by the landlord for the common use and benefit of numerous tenants, the landlord must exercise ordinary care to keep common areas in a reasonably safe condition. *Id.*

■ In this case, the defect was not latent. Jaimes testified she was aware of the defective step in question for two years preceding the accident during which she had periodically visited her friend, the tenant, Ms. Garcia–Maldonado. Furthermore, the entirety of the premises was leased to Ms. Garcia–Maldonado and there were no shared common areas. Thus, Thompson did not retain control over a portion of the premises for the common use of numerous tenants. Absent a contractual or statutory duty to repair, Thompson did not have a duty to repair the steps.

There is no evidence that Thompson had a duty to repair the steps. Even presuming a contractual duty contained in the lease, Thompson could only be liable for breach of the contract—not for the injury sustained by Jaimes—and recovery would be limited to the cost of the repair. *See Miller,* 245 S.W.3d at 788.

Jaimes cannot recover damages from Thompson for the injuries she sustained on the property regardless of her status as an invitee. The decision of the circuit court is affirmed.

ALL CONCUR.