IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 15, 2020 Session

## CAROLYN RICHARDSON v. H & J PROPERTIES, LLC, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-002896-15  Mary L. Wagner, Judge**

_____

### No. W2019-02082-COA-R3-CV
_____

A residential tenant was injured after slipping on water that accumulated from a leak in the ceiling of her home.  Prior to the accident, the tenant notified the owner of the residence and the property manager of the leak.  The tenant brought suit for her injuries, alleging a common law negligence claim and a claim for the defendants' alleged failure to comply with requirements in the Tennessee Uniform Residential Landlord and Tenant Act.  The trial court granted the defendants' motion for summary judgment on both claims, finding that the tenant had co-extensive knowledge of the dangerous condition, so the defendants were not liable for her injuries.  The tenant appeals, primarily arguing that the common law rule on landlord non-liability is displaced by the Act.  We affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Steven Marshall and Howard B. Manis, Memphis, Tennessee, for the appellant, Carolyn Richardson.

Lewis W. Lyons and Richard Glassman, Memphis, Tennessee, for the appellees, H & J Properties, LLC, and Marathon Management, LLC.

## OPINION

### I.    FACTS & PROCEDURAL HISTORY

This case involves a "slip and fall" accident at a residential property in Memphis,

Tennessee. The accident occurred at a "triplex" building that is owned by H & J Properties and was managed by Marathon Management (collectively "Defendants"). Carolyn Richardson ("Plaintiff") was a tenant of a unit in the triplex when the accident occurred.

In March 2014, Plaintiff moved into the triplex, and shortly thereafter, she noticed multiple water leaks in the ceiling. In the following months, Plaintiff notified Defendants of the leaks on several occasions by submitting work orders that described the issue. Initially, there was a water stain in an "office" area of the unit near one of the leaks. After Plaintiff notified Marathon of the stain, the stain was remedied. Between March 2014 and September 2014, the work orders included descriptions of leaks coming from a "storage area" and a "laundry room." They also contained general descriptions such as, "[l]eak in wall and ceiling" and "[b]ad roof leak." On September 10, 2014, Plaintiff submitted a work order that stated, "[r]oof leaks – laundry room ceiling, and other room connected to laundry room." None of the prior work orders indicated that there was a leak in a place other than Plaintiff's laundry room or "storage area."

On September 11, 2014, a maintenance worker for Marathon was dispatched to Plaintiff's residence to remedy the leaks that she reported the day before. While Plaintiff was showing the maintenance worker the issues in her unit, a small pool of water caused Plaintiff to slip and fall. The water accumulated from a leak in an area that she described as her "office." Plaintiff stated that her "office" was a "room that was connected to the area in which the washer and dryer were located." Plaintiff sustained a fractured ankle from the fall.

In July 2015, Plaintiff filed suit against Defendants for the injuries that she sustained from the slip and fall. In her complaint, Plaintiff asserted two causes of action: (1) a common law negligence claim, and (2) a claim for violating Tennessee's codification of the Uniform Residential Landlord and Tenant Act ("the URLTA"). Specifically, Plaintiff asserted that Defendants violated the requirement in Tennessee Code Annotated section 66-28-304(a)(2) to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." Several years of discovery, rescheduling, and extensions ensued.

Defendants moved for summary judgment on both of Plaintiff's claims on March 20, 2019. Accompanying Defendants' motion was a supporting memorandum of law and a statement of undisputed facts pursuant to Rule 56.03.[1] Defendants argued that Plaintiff could not prove an essential element of her negligence claim; therefore, her claims fail as a matter of law. The trial court agreed.

---

[1] Plaintiff submitted several filings in response to Defendants' motion. However, she did not file a response to Defendants' statement of undisputed facts as is required by Rule 56.03 of the Tennessee Rules of Civil Procedure.

After a hearing on Defendants' motion for summary judgment, on November 4, 2019, the trial court entered a written order granting Defendants' motion. The court found that the undisputed facts showed that Plaintiff was aware of the leak in her office prior to the fall. The court also found that the parties had co-extensive knowledge of the potentially dangerous condition, meaning Plaintiff would be unable to prove that she did not have knowledge of the condition prior to her fall. As a result of her knowledge of the leak prior to the fall, the court concluded that Plaintiff would be unable to establish essential elements of her common law and URLTA claims. Further, the court found that the URLTA provision that Plaintiff alleges Defendants violated did not displace the common law principles on a landlord's non-liability. In doing so, the court granted Defendants' summary judgment on both of Plaintiff's claims.

Plaintiff timely appealed.[2]

## II.    ISSUES PRESENTED

Plaintiff raises a single issue on appeal, which has been slightly reworded.

1. Whether the trial court erred in granting summary judgment for Defendants by finding that a residential landlord is not liable for injuries sustained by a tenant as a result of a dangerous condition on the property if the tenant had knowledge of the condition prior to sustaining injuries.

In response, Defendants raise five additional issues.

1. Is Plaintiff required to establish pre-suit notice in order to maintain a cause of action under the URLTA?

2. Did Plaintiff waive appellate review of the lower court's dismissal of her common law negligence claim for failure to comply with [Tennessee Rule of Appellate Procedure] 27(a)(7)?

3. Did the trial court correctly grant summary judgment as to Plaintiff's statutory claim for personal injuries?

---

[2] After Plaintiff filed her notice of appeal, Defendants filed a motion for discretionary costs under Tennessee Rule of Civil Procedure 54.04(2). While it appears that the trial court has yet to rule on this motion, that is not fatal to this Court addressing the merits of Plaintiff's appeal. "Motions for discretionary costs . . . have been described as 'ancillary' or 'collateral' to the underlying matter by Tennessee courts." *Gunn v. Jefferson Cty. Econ. Dev. Oversight Comm., Inc.*, 578 S.W.3d 462, 465 (Tenn. Ct. App. 2019) (citing *Roberts v. Roberts*, No. E2009-02350-COA-R3-CV, 2010 WL 4865441, at *8 (Tenn. Ct. App. Nov. 29, 2010)). "As such, . . . a post-judgment motion for discretionary costs does not deprive this Court of jurisdiction to review an otherwise final judgment." *Id.*

4. Did the trial court correctly grant summary judgment as to Plaintiff's common law claim for personal injuries?

5. Is Plaintiff's appeal frivolous?

For the reasons stated herein, we affirm the decision of the trial court to grant summary judgment in favor of Defendants.

### III.    STANDARD OF REVIEW

A trial court's decision on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019) (citing *Beard v. Branson*, 528 S.W.3d 487, 494-95 (Tenn. 2017)). When reviewing such decisions this Court "make[s] a fresh determination about whether the requirements of Rule 56 have been met." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 250 (Tenn. 2015)). Rule 56.04 of the Tennessee Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When a party does not bear the burden of proof at trial, it may succeed on a motion for summary judgment "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *TWB Architects, Inc.*, 578 S.W.3d at 887 (quoting *Rye*, 477 S.W.3d at 264). In response, the nonmoving party must prove specific facts that "could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* at 889 (quoting *Rye*, 477 S.W.3d at 265). Evidence presented by the nonmoving party is accepted as true; we allow all reasonable inferences in its favor; and we resolve any doubts about the potential existence of a genuine issue of material fact in its favor. *Id.* at 887.

When a court engages in statutory construction, it must "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Welch*, 595 S.W.3d 615, 621 (Tenn. 2020) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). Further, when a statute modifies or supplants common law, it is "strictly construed and confined to [its] express terms." *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 679 (Tenn. 2002) (quoting *Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn. 1995)). "Thus, common law is not displaced by a legislative enactment, except to the extent required by the statute itself." *Id. See also Seals v. H & F, Inc.*, 301 S.W.3d 237, 257 (Tenn. 2010) (Koch, J., concurring in part). Issues involving the interpretation of a statute are reviewed de novo with no presumption of correctness. *Hayes*

*v. Gibson Cty.*, 288 S.W.3d 334, 337 (Tenn. 2009).

## IV.    DISCUSSION

To be successful on a negligence claim involving premises liability, the plaintiff must prove five elements: (1) duty of care owed by the defendant to the plaintiff; (2) the defendant's conduct fell below the standard of care owed to the plaintiff, amounting to a breach of the duty; (3) injury or loss by the plaintiff; (4) causation in fact; and (5) proximate cause. *See King v. Anderson Cty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (citing *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)); *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998) (citing *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993)).

In cases involving a leased premises, this Court has stated, "[g]enerally, a landlord is not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises." *Lethcoe v. Holden*, 31 S.W.3d 254, 256 (Tenn. Ct. App. 2000). However, this general rule of non-liability is subject to several exceptions. *Id.*

> One exception applies if the following facts are shown: (1) the dangerous condition was in existence at the time the lease was executed; (2) the landlord knew or should have known of the dangerous condition; and (3) *the tenant did not know of the condition* and could not have learned about it through the exercise of reasonable care.

*Id.* (emphasis added) (citing *Maxwell v. Davco Corp. of Tenn.*, 776 S.W.2d 528, 531-32 (Tenn. Ct. App. 1989)). Stated differently, "when a landlord and a tenant have co-extensive knowledge of the dangerous condition, the landlord is not liable to the tenant . . . for injuries sustained as a result of the dangerous condition." *Id.* (citing *Maxwell*, 776 S.W.2d at 532). *See also Fisher v. Villages at Henley Station, LLC*, No. M2018-01990-COA-R3-CV, 2020 WL 401856, at *3 (Tenn. Ct. App. Jan. 24, 2020); *Priestas v. Kia Props., LLC*, No. W2019-00728-COA-R3-CV, 2019 WL 6894066, at *4 (Tenn. Ct. App. Dec. 18, 2019).

While *Lethcoe* involved a commercial tenant and a plaintiff asserting a wrongful death claim, *see* 31 S.W.3d at 255-56, its principles have been applied in cases involving a residential tenant's premises liability claim. *See, e.g.*, *Fisher*, 2020 WL 401856, at *1, *3; *Fuller v. Banks*, No. W2015-01001-COA-R3-CV, 2016 WL 409639, at *1, *5 (Tenn. Ct. App. Feb. 3, 2016); *Palmer v. Kees*, No. E2014-00239-COA-R3-CV, 2015 WL 3465759, at *1, *3 (Tenn. Ct. App. Apr. 15, 2015).

On appeal, Plaintiff's central argument is that the URLTA displaces the common law principles of landlord non-liability for injuries arising out of a dangerous condition.[3]

---

[3] The primary case cited by Plaintiff is *Holloway v. Grp. Props. LLC*, a memorandum opinion that does not offer a discussion on the co-extensive knowledge rule. *See Holloway v. Grp. Props. LLC*, No.

In doing so, Plaintiff cites the URLTA requirement for landlords to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." *See* Tenn. Code Ann. § 66-28-304(a)(2) (2019). Plaintiff argues that this requirement creates an avenue for Plaintiff to recover under the URLTA even in the absence of an exception to the general rules of landlord non-liability. Plaintiff's triplex home is a residential unit in Shelby County, Tennessee. Shelby County is a county governed by the URLTA. *See* Tenn. Code Ann. § 66-28-102(a) (2019). However, application of the URLTA does not strip this personal injury case of the common law principles described in *Lethcoe*. Aside from the memorandum opinion cited by Plaintiff, this Court has yet to address the particular issue presented in this case.

The relationship of the URLTA and common law principles in the context of a personal injury has been addressed by the courts of the Commonwealth of Kentucky. The Kentucky Court of Appeals opinion in *Miller v. Cundiff* answered the same inquiry this Court faces here, whether the URLTA alters or displaces the common law rule on landlord non-liability. *See Miller v. Cundiff*, 245 S.W.3d 786, 787-88 (Ky. Ct. App. 2007). In *Miller*, the plaintiff, a tenant of a residential building, was injured by falling on loose carpet that she previously requested to have repaired. *Id.* at 787. The plaintiff brought suit, alleging that the landlord breached his duty under Kentucky Revised Statute section 383.595(1)(b)—part of Kentucky's codification of the URLTA. This section requires Kentucky landlords to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition[.]" *Id.* at 788 (alterations in original) (quoting Ken. Rev. Sat. § 383.595(1)(b)). In response to the plaintiff's claim, the court in *Miller* stated that the language of the URLTA "clearly indicates that the URLTA was intended to supplement, not replace the common law." *Id.* at 789. As a result, the court concluded, "we cannot find that Kentucky's version of the URLTA demonstrates a clear intention on the part of the legislature to depart from the common-law standard for landlord liability." *Id.* The court affirmed the dismissal of the plaintiff's complaint, finding that a landlord's liability for breach of the URLTA duty to make repairs did not extend beyond what is authorized at common law. *Id.* at 789-90.

More recently, the Supreme Court of Kentucky reaffirmed the principles in *Miller* by extending its holding to other duties owed by a landlord under Kentucky's codification of the URLTA. *See Waugh v. Parker*, 584 S.W.3d 748, 751-52 (Ky. 2019). In *Waugh v. Parker*, the court expressly stated, "[t]he well-reasoned decision in *Miller* unambiguously holds that the URLTA does not replace the common-law rules of landlord liability. We conclude, therefore, that re*gardless of the specific provision of the URLTA allegedly violated*, Waugh's claim for personal injury is controlled by common law principles and not the URLTA." *Id.* at 752 (emphasis added) (citation omitted).

---

W2016-02417-COA-R3-CV, 2017 WL 3641713 (Tenn. Ct. App. Aug. 24, 2017). Rule 10 of the Rules of the Court of Appeals of Tennessee states that memorandum opinions hold no precedential value and that courts are instructed not to cite or rely on such opinions in unrelated cases.

We find the Kentucky cases of *Miller* and *Waugh* are persuasive in the present case. As codified in Tennessee, the URLTA expressly provides, "[u]nless displaced by this chapter, the principles of law and equity, . . . supplement [the URLTA] provisions." Tenn. Code Ann. § 66-28-103(c) (2019). Thus, in the absence of an express provision that negates or modifies the applicable common law principles, the co-extensive knowledge rule is applicable to this case. *See Lethcoe*, 31 S.W.3d at 256. Tennessee Code Annotated section 66-28-304(a)(2)—a subsection identical to the provision at issue in *Miller*—is devoid of language that would lead this Court to rule otherwise. *See* Ken. Rev. Stat. § 383.595(1)(b); *Miller*, 245 S.W.3d at 788. "Moreover, unlike other jurisdictions [that] have enacted the URLTA on a state-wide basis," *id.* at 789, in Tennessee, the URLTA "applies only in counties having a population of more than seventy-five thousand." Tenn. Code Ann. § 66-28-102(a). This limited "adoption of the URLTA does not lend itself to a conclusion that the legislature intended a sweeping modification of the common law." *Miller*, 245 S.W.3d at 789. Instead, the URLTA was meant to promote the four clearly-stated purposes listed in section 66-28-103(b) and to provide remedies that are not otherwise permitted at common law. *See, e.g.*, Tenn. Code Ann. §§ 66-28-501(a), -504, -510, -513 (permitting the prevailing party, depending on the provision at issue, to recover attorney's fees, prepaid rent, or a security deposit or to terminate the rental agreement).

Taken together, we cannot say that the general principles of landlord non-liability are displaced by a landlord's duties under the URLTA. The record is clear that Plaintiff had knowledge of the leak in her "office" prior to her injury. The day before her injury, Plaintiff submitted a work order that indicated there was a leak in the "other room connected to laundry room." The proof shows that this "other room" was her office, where she slipped and fell. As such, we agree with the trial court's decision to grant summary judgment in favor of Defendants. Viewing the facts in the light most favorable to Plaintiff, we find that Defendants are not liable for the injuries that Plaintiff sustained by slipping on the water that accumulated from the leak in the ceiling of her office. *See Lethcoe*, 31 S.W.3d at 256.

Plaintiff has failed to establish an exception to the general rule of landlord non-liability. Plaintiff's common law negligence claim and her claim under Tennessee Code Annotated section 66-28-304(a)(2) are hereby dismissed.[4]

We disagree with Defendants' assertion that this appeal is frivolous. *See* Tenn. Code Ann. § 27-1-122 (2019); *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562

---

[4] Because the URLTA does not displace the common law rules of landlord non-liability, those principles control in this case. Therefore, it matters not that the URLTA was not at issue in *Lethcoe* and subsequent cases. The rules found therein govern. *See, e.g.*, *Fisher*, 2020 WL 401856, at *3; *Priestas*, 2019 WL 6894066, at *4; *Lethcoe*, 31 S.W.3d at 256.

S.W.2d 202, 205 (Tenn. 1978)) (stating "[a] frivolous appeal is one that is 'devoid of merit'"). Therefore, we decline Defendants' request for damages incurred in defending this appeal.

As a result of our holding, the remaining issues raised by the parties are pretermitted.

## V. CONCLUSION

For the reasons stated herein, the judgment of the circuit court is hereby affirmed. This cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Carolyn Richardson, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE