RENDERED: MAY 14, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0144-MR

ROBERT RAGLE APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v. HONORABLE STEVE ALAN WILSON, JUDGE
ACTION NO. 18-CI-01509

LOUISVILLE ROAD VENTURES,
LLC; AND COMMONWEALTH OF
KENTUCKY APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE: Robert Ragle appeals from the Warren Circuit Court's order

granting summary judgment to Louisville Road Ventures, LLC (LRV), in a slip

and fall case. We affirm.

Ragle is an investigator for the Commonwealth of Kentucky

Department of Workers' Claims. His office is located in Bowling Green,

Kentucky, on premises leased by the Commonwealth from Louisville Road

Ventures, LLC. On November 27, 2017, Ragle tripped on a loose threshold on his way into the office, hitting the door frame. He was required to undergo surgery to repair his injured knee.

On October 31, 2018, Ragle filed a complaint against the building's owner (LRV) and manager (J. Allen Builders, Inc.), alleging that they breached their duty of care by failing to maintain the premises in a safe condition and by failing to warn of an unreasonably dangerous condition on the property. Ragle sought past and future medical expenses, lost wages, and compensation for permanent impairment of his ability to earn wages. He additionally sought an award for physical and mental anguish and emotional distress. J. Allen Builders, Inc., was dismissed as a party per agreed order one month later.

On March 15, 2019, the Commonwealth moved for leave to intervene, stating that Ragle's injuries were incurred in the course and scope of his employment, that compensation had been made to him pursuant to Kentucky Revised Statutes (KRS) Chapter 342, and that the Commonwealth was entitled to recover the amount it had paid should Ragle be successful in his complaint against LRV. The Commonwealth filed an amended motion to intervene two weeks later. The circuit court granted the motion on May 6, 2019. Ragle's deposition was taken on May 21, 2019.

LRV filed a motion for summary judgment on July 2, 2019, arguing that, because the property was leased in its entirety to the Commonwealth, LRV had relinquished control of the property. LRV stated that the Commonwealth was responsible for the premises. Furthermore, LRV continued, "multiple Commonwealth employees were aware that the piece of trim had been loose prior to the fall," yet no one notified LRV of this dangerous condition; instead, the lessee chose to make the repairs itself. Thus, LRV claimed it was entitled to summary judgment because there was no hidden danger and the tenant was responsible for any damages.

Ragle filed his first amended complaint on July 15, 2019, correcting the date of injury (from November 22 to November 27, 2017). Two weeks later, Ragle responded to the motion for summary judgment, stating that he was never aware of the loose trim, that the lease agreement required LRV to maintain the premises, and that there existed genuine issues of material fact which made summary judgment inappropriate. Several exhibits, including photos of the entranceway, Ragle's medical records, and a copy of the lease agreement, were appended to the response.

A hearing was held on August 5, 2019. The circuit court entered its order granting LRV's motion on January 9, 2020. Ragle filed his notice of appeal on January 22, 2020.

We begin by stating the standard of review for summary judgments, namely:

> "The standard of review on appeal of summary judgment is whether the trial court correctly found there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Carter v. Smith*, 366 S.W.3d 414, 419 (Ky. 2012). Summary judgment involves only legal questions; whether a fact is material and, if so, whether there is a genuine issue regarding that material fact are legal questions. *Stathers v. Garrard County Bd. of Educ.*, 405 S.W.3d 473, 478 (Ky. App. 2012). Thus, we utilize a *de novo* review standard. *Id.*
>
> Kentucky courts have repeatedly stated, and we continue to adhere to these bedrock principles, that summary judgment is an extraordinary remedy, it is to be "cautiously applied[,]" and it "should not be used as a substitute for trial." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 483 (Ky. 1991). "The trial court must review the evidence, not to resolve any issue of fact, but to discover whether a real fact issue exists." *Shelton v. Kentucky Easter Seals Soc'y*, 413 S.W.3d 901, 905 (Ky. 2013) (footnote omitted). This requires both the trial court and this Court to review the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in [its] favor." *Steelvest*, 807 S.W.2d at 480.

*Joiner v. Kentucky Farm Bureau Mutual Insurance Company*, 582 S.W.3d 74, 77-78 (Ky. App. 2019). Here, the facts must be viewed in a light most favorable to Ragle as we review the propriety of the circuit court's ruling. *Id.* at 78.

Ragle first argues that summary judgment was improperly granted because LRV breached its duty to maintain and repair the premises under the terms

of the lease.  In order to succeed under this theory of recovery, it was incumbent upon Ragle to prove that LRV "owed a duty to [Ragle], breached that duty, and consequent injury followed." *Shelton*, 413 S.W.3d at 906 (citation omitted).  Ragle concedes that whether LRV owed him a duty was a question of law to be determined by the circuit court.  *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003).

Ragle's contention here is that the lease agreement between LRV and the Commonwealth included express language requiring LRV to maintain and repair the premises.  Therefore, Ragle continues, the circuit court erred in holding thus in its order granting summary judgment:

> When a contractual duty to repair exists, landlords are liable only for the costs of repair. *Miller v. Cundiff*, 245 S.W.3d 786, 788 (Ky. App. 2007).  If the defect is obvious and known, recovery is precluded. *Pinkston v. Audubon Area Comm. Serv., Inc.*, 210 S.W.3d 188, 190 (Ky. App. 2006).  While it is arguable that the lease in this case contained a contractual duty to repair, the loose rubber flooring joint was known to be an issue by other employees of Tenant [Commonwealth]; Defendant [LRV] was never informed of the defect; and Tenant [Commonwealth] had full control over the area in which the defect was located.

But *Joiner v. Tran & P Properties, LLC*, holds similarly:  "Kentucky law provides that the remedy for breach of an agreement to repair is the cost of the repair.  Because the [tenants] did not pay for the repairs, they cannot assert a claim for damages."  526 S.W.3d 94, 102 (Ky. App. 2017).  Ragle does not contend, nor

did he offer proof of any kind in that regard, that LRV was made aware of the danger concerning the loose threshold material. The Commonwealth, as lessee of the building, had control over the premises and did not alert LRV to any hazards. The circuit court properly ruled that LRV did not breach a duty to Ragle. *Joiner v. Kentucky Farm Bureau*, 582 S.W.3d at 77-78.

Ragle secondly maintains that there was a genuine issue of material fact regarding whether the dangerous condition was open and obvious. Again, we disagree. In his deposition testimony, Ragle stated that other employees in his building were aware of the loose threshold material. And he only insists that LRV should have known of the defect, not that it actually did know. The question also remains one of damages: it was a question of law, not fact, that damages were limited to the cost of repair, not any personal injuries to Ragle (who was compensated for his injuries through his workers' compensation claim). *Pinkston*, *supra*; *Miller*, *supra*; *Joiner v. Kentucky Farm Bureau*, *supra*. *See also True v. Fath Bluegrass Manor Apartment*, 358 S.W.3d 23, 28 (Ky. App. 2011).

The judgment of the Warren Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Richard M. Guarnieri
Frankfort, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE ROAD VENTURES:

James P. Freel
Brian M. Gudalis
Lexington, Kentucky

NO BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY