### Spinks v. Asp.

(Decided October 18, 1921.)

#### Appeal from Campbell Circuit Court.

1. Landlord and Tenant—Personal Injury of Tenant—Liability.—A landlord is not liable to his tenant for personal injury received by

the tenant as a result of defects in the leased premises other than those defects existing at the time of the leasing and known to the landlord and concealed by him from the tenant.

2.  Landlord and Tenant—Defects in Premises—Repairs.—If when leasing the premises a tenant discovers a defect therein, calls the attention of the landlord to the defect and the landlord promises and agrees to repair the same if the tenant will take the premises, and the tenant relying upon the promises of the landlord to make such repairs, accepts and moves into the premises and later is injured through a fall as a result of the defect in the premises, the landlord is not liable for the injury because the defect was well known to the tenant.

L. J. CRAWFORD for appellant.

HORACE W. ROOT for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Harry Spinks owns an apartment building in the city of Newport, and appellee Dora Asp and her husband rented an apartment in his building in 1919, and moved there. The kitchen floor was in a defective condition at the time Mrs. Asp rented the apartment and the attention of the agent of Spinks was called to this defective floor and he promised to have the floor immediately repaired. Relying upon the promise to immediately repair the floor, Mrs. Asp and her husband moved into the apartment and after occupying it for almost a month she suffered an injury to her foot and ankle by falling through the defective floor, and she instituted this action to recover damages for her injury.

To the petition the appellant Spinks filed a general demurrer and insisted that the petition as amended did not state facts sufficient to constitute a cause of action against the landlord. This demurrer was overruled by the court, to which ruling of the court appellant Spinks excepted.

The answer of Spinks was a traverse of the allegations of the petition and a plea of contributory negligence on the part of the plaintiff. Later appellant Spinks filed an amended answer setting up the written contract between him and his tenant, Mrs. Asp, but this amended answer was held insufficient by the court on demurrer and of this appellant complains.

On this appeal it is earnestly insisted for appellant Spinks that the general demurrer to the petition as amended should have been sustained. For the same rea-

son it is insisted that his motion for a directed verdict in
his favor should have been sustained when made at the
close of the evidence for Mrs. Asp. If this be so the judg-
ment must be reversed. A trial resulted in a verdict for
Mrs. Asp for $750.00, upon which judgment was entered,
and from which judgment this appeal is prosecuted.

Mrs. Asp admits that she examined the apartment and
observed the defect in the floor before she and her hus-
band rented it from the agent of Spinks, and that she
moved into it with the knowledge that the kitchen floor
was in a defective condition. But she says that she
would not have moved into said apartment but for the
promise of the landlord to immediately repair the defec-
tive floor.

Can a tenant recover damages for personal injury
received by a fall through a defective floor on the prem-
ises, which defect was well known to the tenant before she
entered the premises, and was open and obvious to any
occupant of the premises? This question has been ans-
wered in the negative by practically all the courts of this
country. The general rule is that a landlord is not lia-
ble to his tenant for personal injuries arising from de-
fects of the leased premises other than those existing at
the time of the leasing and known to him and concealed
by him from the tenant. Thompson v. Clemens, 96 Md.
196, 53 Atl. 919; 60 L. R. A. 580 (Note), 34 L. R. A. (N.
S.) 804.

Appellee, Mrs. Asp, bases her right to maintain this
action upon the promise of the landlord to make the re-
pairs of the floor if she would move into the premises.
She insists that but for such promise on the part of the
landlord she would not have moved into the apartment
and that his failure to make the repairs according to his
contract and often repeated promise resulted directly in
her injury. Her counsel relies upon the case of Stillwell
v. South Louisville Land Co. (58 S. W. 696, 22 Ky. Law
Reporter 785, 52 L. R. A. 325), where we held, the facts
being very similar to those under consideration, that a
landlord who promised to repair a dangerous cistern on
the leased premises was liable in damages for injury re-
sulting through the death of an infant child, the parents
of the child having moved on the premises relying upon
the promise of the landlord to make the cistern safe. This
opinion was delivered in October, 1900, and is a depar-
ture from the general rule. In fact it has been in effect,
though not in terms, overruled by a number of opinions

delivered by this court since that date. Dice's Admr. v. Zweigart's Admr., 161 Ky. 646; Hunt, et al. v. Smith et al., 191 Ky. 443; Speckman v. Schuster, 183 Ky. 326; O'Neil v. Brown, et al., 158 Ky. 120; Home Realty Co. v. Carius, 189 Ky. 229.

The opinion in the Stillwell case was rested upon the familiar doctrine applied in cases of tort where the master, who is supposed to have superior knowledge both of the safety of the working place and instrumentalities employed as well as of the business and its proper conduct, gives assurance that he will make or cause to be made repairs in the working place of the servant or in the implements employed by the servant if the servant will continue at the employment the latter may rely upon such assurance to make repairs and continue his employment, even though he may apprehend that his working place is dangerous or the instrumentalities with which he is employed are in a dangerous condition, unless such danger from his working place or the defective tools is so open and obvious that a reasonably prudent person so situated would desist from such employment. This rule is rested entirely upon the theory that the master is an experienced person in the employment and possesses superior knowledge concerning the safety of the working place and the tools with which the servant is working and is better able to judge the safety thereof than is the servant, who has had less experience. The servant, therefore, is entitled to rely upon the assurance of the master whom the law presumes to have superior knowledge concerning the employment, the working place and the condition of the tools. The reason for this rule fails when applied to landlord and tenant, because the landlord is not presumed to have superior knowledge of conditions prevailing on the premises where the tenant resides. In such situation each is equally competent to judge the safety of the place. The reason would appear to reverse the rule and hold the tenant who lives on the premises and has a greater opportunity to see and observe the conditions, and if need be, test them out, has superior knowledge to that of the landlord. The reason for the rule having failed the rule itself must give way. In fact, no such rule ever existed in this jurisdiction, as announced in the Stillwell case, *supra*, with respect to personal injury received by tenants for whom the landlord had promised to repair the premises. Some courts, out of great caution, have qualified the rule by referring to

the absence of an agreement on the part of the landlord to repair, and from this reference, though a mere interpolation, it has been presumed that where the landlord had promised to make repairs the tenant might rely upon such promise and if injured maintain an action for personal injuries resulting from the failure to make such repairs. This assumption, however, on the part of some courts was wholly unwarranted. It misled the learned judge who wrote the opinion in the Stillwell case, *supra*.

It could not have been in the contemplation of the parties, landlord and tenant, that the landlord would be responsible to the tenant for any injury to the person which might result to the tenant from a failure to repair the kitchen floor of the premises which both knew were defective and dangerous. All that could have been anticipated by either party was an obligation on the part of the landlord to make the floor sufficiently strong for use by the tenant as a housekeeper, and the tenant had the right under such agreement, when the landlord failed to carry it out, to make such repairs as were needed and charge the same to the landlord, taking it out of the rent or otherwise collecting the reasonable cost of such repairs. The tenant, after making such repairs, might have maintained an action for the reasonable cost thereof. The mere breach of contract by the landlord to make the repairs of a tenement does not entail upon the landlord all the consequences which might flow directly and indirectly from such failure any more than the failure of any other obligee in a contract to perform his undertaking. If one promise to pay a given sum of money at a given time and fails to make such payment, the payee may have an action for the sum due, but not for the loss which the payee suffered by reason of not having the money with which to make investments which offered large gains, because such consequences were not reasonably in contemplation of the parties to the contract at the time it was made and are entirely too remote and conjectural to be the basis of an action at law. So in a contract between a landlord and tenant, the agreement to make repairs of a defect in a floor, as in the instant case, can entail upon the landlord no consequences which do not naturally and proximately flow from a breach of contract independently of the tort which resulted in personal injury, if any there be. In the case of Dice's Admr. v. Zweigart's Admr., 161 Ky. 651, we copied from the case of Anderson v. Robinson, decided by the Supreme

Court of Alabama and reported in 47 L. R. A. (N. S.) 330, where it was said:

"It seems from the great weight of authority that said covenant does not increase the liability of the landlord, or change the rule above set forth as to the liability in tort to the·tenant, his family, servants, or guests for injuries caused by virtue of defects in the rented premises. In other words, it seems settled by the weight of authority that the landlord is not liable in tort for injuries to said class, whether there be a covenant to repair or not, unless the defects existed at the time of the letting and were known to him and which he concealed from the tenant."

As the appellee, Mrs. Asp, in her petition as amended, relies upon the breach of the promise of the landlord to repair defects of which she and her husband both knew before they leased the premises and at all times thereafter until the time of the·alleged injury to Mrs. Asp, it follows that the petition did not state facts sufficient to constitute a cause of action against Harry Spinks, the landlord, and the general demurrer to the petition should have been sustained by the trial court.

For these reasons the judgment is reversed for proceedings in conformity to this opinion.