RENDERED:  FEBRUARY 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0036-MR

BRIAN BOWEN                                                                APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 17-CI-006899

OLHMANN PROPERTIES, LLC;
SUSAN G. OLHMANN; AND
TRACEY E. THOMPSON                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE:  Brian Bowen appeals the summary judgment of the Jefferson

Circuit Court entered in favor of his landlord, Olhmann Properties, LLC, and its

owners, Susan Olhmann and Tracey Thompson, in the lawsuit that he filed for

personal injuries that he sustained during a fire at his apartment.  Bowen contends

that the circuit court erred by concluding that Olhmann Properties did not breach a

duty owed to him and that, consequently, it was entitled to judgment as a matter of law. After our review, we affirm.

On January 30, 2014, Bowen entered into a lease agreement with Olhmann Properties for the rental of his apartment – a unit in a converted, multi-family dwelling in the Old Louisville neighborhood. Pursuant to the terms of the lease agreement, Bowen accepted the property "as is." He acknowledged that he had inspected the premises, that he agreed that the apartment was in satisfactory condition, and that no repairs were necessary. The lease agreement provided that the "[t]enant will notify Manager (in writing) of any maintience [sic] problems within 24 hrs." Tracey Thompson was designated as the property manager, and Thompson's mailing address was provided in the agreement.

In 2017, Bowen indicated in his deposition that several of the electrical receptacles in the apartment would not hold the prongs of a plug tightly and that cords plugged into those outlets would sometimes simply "hang loose." Bowen admitted that he never reported a problem with the outlets; he largely avoided using them instead.

On the morning of Saturday, January 14, 2017, Bowen awoke to discover flames at the corner of his bed. He tried to put out the fire to no avail. Convinced that the fire was inside his mattress, he tried dragging it out the door but

could not.  Bowen gave up and alerted the neighbors.  He sustained serious burns fighting the fire and was taken to the hospital by ambulance.

On December 28, 2017, Bowen filed a complaint against Olhmann Properties, LLC, Susan Olhmann, and Tracey Thompson, alleging that his landlord knew or should have known about the faulty electrical outlet in his bedroom but failed to repair it.  He alleged that this negligence led to the fire which caused his personal injuries.  Olhmann Properties denied liability.  Following discovery, Olhmann Properties filed a motion for summary judgment and argued that it was entitled to judgment as a matter of law.  After a review of the undisputed facts and the applicable law, the circuit court granted the motion for summary judgment and dismissed the case.  This appeal followed.

> Summary judgment serves to terminate litigation where:
>
> the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

CR[1] 56.03.  On appeal, we must determine whether the trial court correctly determined that there were no genuine issues of material fact and that the movant was entitled to judgment as a matter of law.  *Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996).

---

[1] Kentucky Rules of Civil Procedure.

Bowen contends that the circuit court erred by granting summary judgment because the landlord assumed the duty to maintain the electrical wiring in good working order pursuant to the terms of the lease agreement, and he presented sufficient evidence to show that the fire was caused by the failure to do so. We disagree.

A common law negligence claim requires proof of a duty of care, a breach of the duty, an injury, and legal causation between the breach and injury. *Patton v. Bickford*, 529 S.W.3d 717 (Ky. 2016). Whether the defendant owed a duty to the plaintiff is a question of law for the court while breach and injury are typically questions of fact for a jury. *Howard v. Spradlin*, 562 S.W.3d 281 (Ky. App. 2018) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85 (Ky. 2003)). Causation is a mixed question of law and fact. *Id.* The Jefferson Circuit Court determined that Bowen could not, as a matter of law, establish negligence because he could not show that his landlord breached a duty of care nor could he prove proximate causation.

A landlord does not breach a duty of care and is not liable for an injury to its tenant because of a defect arising during the tenancy except where: the defect pre-existed the tenancy; the landlord was aware of the defect; and the landlord concealed the defect. *Spinks v. Asp*, 192 Ky. 550, 234 S.W. 14 (1921). There is no evidence to show that Ohlmann Properties was aware of the inadequate

condition of the electrical outlets or that it concealed the problem from Bowen. However, Bowen himself was aware of the condition of the outlets throughout the term of his three-year tenancy. But he never complained to the landlord about any of the outlets, nor did he notify the landlord.

In *True v. Fath Bluegrass Manor Apartment*, 358 S.W.3d 23 (Ky. App. 2011), we held that where a tenant takes the premises in an "as is" condition, the landlord is not liable for injuries caused by the defect known to the tenant or discoverable by him through a reasonable inspection. Moreover, we observed that even where a landlord assumes a contractual duty to make repairs to leased premises, the landlord has no liability to a tenant beyond contract damages.

We applied the same reasoning in *Joiner v. Tran & P Properties, LLC*, 526 S.W.3d 94, 102 (Ky. App. 2017), where we considered whether tenants could recover for alleged physical injuries caused by the presence of mold in their apartment. The tenants were aware of the existence and danger of the mold in their home, and the landlord was responsible for maintaining the property in a safe and habitable condition. The tenants alleged that the landlord failed to remediate the mold despite requests to do so and that they suffered respiratory illness as a result. Based on the precedents of *Pinkston v. Audubon Area Community Services*, *Inc.*, 210 S.W.3d 188 (Ky. App. 2006), and *Spinks*, *supra*, we held that the landlord was entitled to judgment as a matter of law. We observed that Kentucky law provides

that a landlord is not liable for personal injuries arising from a failure to repair. Instead, the sole legal remedy for breach of a lease agreement to repair is the cost of the repair itself.

Additionally, we are not persuaded that the circuit court erred by concluding that Bowen could not prove causation. An investigator for the Louisville Fire Department testified in his deposition that Bowen admitted to him that he had disabled the apartment's smoke detector and that he had been drinking and smoking in his bed shortly before discovering the fire. The fire investigator indicated that this information matched his observations at the scene. The investigator explained that he did not closely examine the outlet in Bowen's bedroom. However, he did confirm that there was no obvious damage to the receptacle. He indicated that if even Bowen were to retract his statement concerning smoking in bed, he could not determine the specific cause of the fire within a reasonable degree of scientific probability.

Bowen failed to offer proof of the alleged outlet malfunction; he failed to establish a causal connection between the receptacle and the fire; and he failed to establish legal causation between an alleged breach and his personal injury. Thus, Bowen cannot prevail as a matter of law. Even if we were to assume that Ohlmann Properties breached a duty of care owed to Bowen, he would be unable

to show that the breach was the proximate cause of his injury under the circumstances of this case.

We AFFIRM the summary judgment of the Jefferson Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

Mark A. Weis                            Marc L. Breit
Louisville, Kentucky                    Louisville, Kentucky

                                        Scott E. Miller
                                        Louisville, Kentucky