RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2019-CA-1814-MR

PENNINGTON FARMS, LLC            APPELLANT

v.        APPEAL FROM WHITLEY CIRCUIT COURT
HONORABLE PAUL K. WINCHESTER, JUDGE
ACTION NO. 13-CI-00140

CORBIN MATERIALS, INC. AND            APPELLEES
WILLIAM "BILL" PENNINGTON

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE: Appellant, Pennington Farms, LLC ("Pennington

Farms"), appeals the Whitley Circuit Court's order granting summary judgment in

favor of the Appellees, Corbin Materials, Inc. and William "Bill" Pennington

("Corbin Materials"). Following a careful review of the record and the law, we

affirm.

# BACKGROUND

This case involves a dispute over the sale of real property between Pennington Farms and Corbin Materials. On May 16, 2005, Corbin Materials conveyed to Pennington Farms approximately 400 acres of real property located in Whitley County, Kentucky.

An affidavit of value was signed by Bill Pennington, as President of Corbin Materials, and by Harold Pennington, as Manager of Pennington Farms, and included within the recorded deed to the property.[1] Pennington Farms, through Harold Pennington, executed a promissory note, dated May 16, 2005, in favor of Corbin Materials, Inc. in the principal amount of $480,000.00. The terms of the promissory note read as follows:

> PENNINGTON FARMS, LLC, for value received, promise [sic] to pay to the Order of CORBIN MATERIALS, INC., the sum of Four Hundred Eighty Thousand Dollars ($480,000.00), plus interest at the rate of 4.5 percent per annum until paid. Said promissory note shall be paid on demand.
>
> In the event of default on payment of this note, the maker shall be liable for all court costs and reasonable attorney fees.

---

[1] The property was conveyed by general warranty deed, which was recorded in the Office of the Whitley County Court Clerk. The consideration stated in the deed and affidavit of value was $480,000.

On March 7, 2013, Corbin Materials filed a complaint alleging that Pennington Farms had defaulted on the promissory note after Corbin Materials had called the note due and Pennington Farms failed to pay the debt in full. Although Corbin Materials attached the recorded deed and affidavit of value to its complaint, the promissory note was not attached.

Corbin Materials filed a motion for summary judgment on October 9, 2015.[2] Pennington Farms filed a response to the motion and attached a supporting affidavit of Alice Crawford. In her affidavit, Crawford stated that she was the sister of Bill Pennington and daughter of Harold Pennington. Further, Crawford stated that she was familiar with Harold Pennington's handwriting and signature, and the signature on the promissory note at issue did not appear to be that of Harold Pennington. The circuit court did not enter an order addressing the motion for summary judgment.

On February 4, 2019, Corbin Materials filed an amended motion for summary judgment. Thereafter, following a hearing, the circuit court granted summary judgment in favor of Corbin Materials. This appeal followed.

---

[2] Corbin Materials attached a copy of the promissory note to its verified motion for judgment filed on July 3, 2013. In the motion, Corbin Materials alleged that the promissory note was only a copy and not the original because "Harold Pennington, now deceased, had the original."

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. Summary judgment should be granted when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center., Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). The party opposing a summary judgment motion "cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id*.

On appeal, we consider whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Furthermore, because factual findings are not at issue, our review is *de novo* and we owe no deference to the conclusions of the trial court. *Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006).

## ANALYSIS

Before we address the merits of Pennington Farms' appeal, we must first note that Appellees failed to file a brief. In a case where an appellee does not file a brief, the Court is provided three options under CR 76.12(8)(c):

> (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

"The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (citation omitted). In this case, pursuant to CR 76.12(8)(c)(i), we choose to accept Pennington Farms' statement of facts and issues as correct.

Pennington Farms raises three issues on appeal: (1) whether Harold Pennington signed the promissory note; (2) whether the intent of the parties was "merely to make a paper transaction for tax purposes" in making the promissory note; and (3) whether the promissory note was "returned to the maker because the liability was extinguished and satisfied." We will address the issues *seriatim*.

As to the issue of whether Harold Pennington signed the promissory note, Pennington Farms argues that the circuit court erred in finding that the affidavit of Alice Crawford did not create a genuine issue of material fact regarding the validity of Harold Pennington's signature. The circuit court held that

there was no credible evidence to support Pennington Farms' claim that Harold Pennington's signature on the promissory note was forged. We agree.

In determining there was no genuine issue of material fact, the circuit court relied upon numerous pieces of evidence presented by Corbin Materials. The circuit court considered the affidavit of value and recorded deed for the subject property, both of which were signed by Bill and Harold Pennington and duly notarized — the authenticity of which is not disputed. The circuit court also considered the affidavits and attachments proffered by Corbin Materials in support of its motions for summary judgment. Specifically, Corbin Materials provided its 2013 and 2014 financial statements, both of which noted an asset titled "Loan receivable – Pennington Farms, LLC" in the amount of $479,151. Corbin Materials also attached the 2012 and 2013 state and federal income tax filings of Pennington Farms, LLC, both of which acknowledged the debt owed to Corbin Materials under the promissory note. To that point, the record also indicates that by 2012, Alice Crawford was the tax matters partner for Pennington Farms. In her deposition, Crawford testified that she signed the tax returns for Pennington Farms in 2012 and 2013, both of which acknowledged the existence of the promissory note itself.

"In this Commonwealth, it is axiomatic that appellate courts are not fact-finders; and neither are trial courts when ruling on motions for summary

-6-

judgment." *Calhoun v. CSX Transp., Inc.*, 331 S.W.3d 236, 245 (Ky. 2011). Accordingly, in reviewing a summary judgment order, our purview is limited to whether there is "some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id*. at 240 (citing *Steelvest*, 807 S.W.2d at 482). In our review of the record, it appears that Pennington Farms attempted to defeat Corbin Materials' motion for summary judgment with a single piece of evidence: the affidavit of Alice Crawford. We agree with the circuit court that Pennington Farms failed to meet its burden of defeating Corbin Materials' properly supported motion for summary judgment. *Commonwealth v. R.J. Corman Railroad Co./Memphis Line*, 116 S.W.3d 488, 498 (Ky. 2003).

Pennington Farms argues that Alice Crawford's affidavit is lay witness opinion testimony, and that a jury could find, based on Crawford's opinion, that Harold Pennington's signature on the promissory note was forged. Kentucky Rule of Evidence (KRE) 701 provides for the admissibility of opinion testimony by lay witnesses. The Kentucky Supreme Court has recognized an inclination toward an inclusionary approach to lay witness opinion testimony on handwriting. *Hampton v. Commonwealth*, 133 S.W.3d 438, 440-41 (Ky. 2004); *see also Roach v. Commonwealth*, 313 S.W.3d 101, 107 (Ky. 2010) ("Kentucky caselaw has previously recognized the propriety of admitting such lay witness

testimony when the lay witness is very familiar with the signatory's handwriting, and the testimony would be helpful to the jury.").

Despite the noted inclusionary approach of Kentucky courts to such testimony, we hold that the circuit court did not err by not allowing this issue to reach a jury. In her deposition, Crawford was asked by opposing counsel to identify the specific facts upon which she based her opinion that the signature on the promissory note was forged. Crawford stated: "I don't really have any facts to back it up. I just do not believe that that is a legitimate document." Moreover, the only basis for the opinion Crawford provided in her affidavit was the conclusory statement that she was familiar with her father's handwriting and signature. The circuit court correctly found that such conclusory allegations did not create a genuine issue of material fact regarding the validity of Harold Pennington's signature on the promissory note, particularly, considering the unchallenged documents bearing Harold Pennington's signature.

Finally, as to the remaining two issues presented to the Court, we note that Pennington Farms fails to cite to any legal authority and makes no legal argument aside from merely identifying them in its brief. "It is not our function as an appellate court to research and construct a party's legal arguments, and we decline to do so here." *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky.

App. 2005) (citation omitted); *see also Bailey v. Bailey*, 399 S.W.3d 797, 801 (Ky. App. 2013). Accordingly, we decline to address these issues further.

For the foregoing reasons, the judgment of the Whitley Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:                     NO BRIEF FOR APPELLEES

David S. Hoskins
Corbin, Kentucky