RENDERED:  AUGUST 4, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0822-MR

VARANESE FUSION, LLC                                                  APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 20-CI-003299

ERIE INSURANCE EXCHANGE,
MEMBER ERIE INSURANCE GROUP                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND ECKERLE, JUDGES.

DIXON, JUDGE:  Varanese Fusion, LLC (Varanese), appeals from the order

granting summary judgment to Erie Insurance Exchange, Member Erie Insurance

Group (Erie), entered by the Jefferson Circuit Court on June 21, 2022.

Following a careful review of the record, briefs, and law, we affirm.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Varanese owns and operates a restaurant in Louisville, Kentucky. On March 6, 2020, Kentucky Governor Andy Beshear signed Executive Order 2020-215, declaring a state of emergency in Kentucky due to the outbreak of the COVID-19 virus. On March 16, 2020, the Cabinet for Health and Family Services (Cabinet) issued an order restricting food and beverage sales to carry-out, delivery, and drive-thru. According to the Cabinet's order, its overriding goal was to minimize in-person interaction – the primary means of transmission of COVID-19.

In compliance with the Cabinet's order, Varanese suspended its in-person dining, while offering carry-out as an option for its patrons. However, as expected, Varanese lost income while its services were limited. Varanese submitted a claim to its insurer, Erie, which was denied.

A few months later, Varanese sued Erie, claiming its losses were covered under the policy. Erie moved the trial court for summary judgment, and Varanese countered with its own motion for partial summary judgment. The trial court ultimately granted summary judgment in favor of Erie, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists, and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Here, because the trial court granted summary judgment to Erie, we review the facts in a light most favorable to Varanese and resolve all doubts in its favor. Applying the *Steelvest* standard, and based on the record, we agree with the trial court that there was no genuine issue of material fact. Therefore, we conclude that summary judgment was proper.

---

[1] Kentucky Rules of Civil Procedure.

## LEGAL ANALYSIS

On appeal, Varanese raises multiple arguments. We will address each, in turn.

First, Varanese argues that its policy provides coverage for loss of income due to partial interruption of business. "In Kentucky, the interpretation of a contract is a legal question. Courts read unambiguous contract terms as the 'average person' would. But ambiguous terms are interpreted in line with the insured's reasonable expectations." *Goodwood Brewing, LLC v. United Fire Grp.*, No. 21-5759, 2022 WL 620149, at *1 (6th Cir. Mar. 3, 2022) (citations omitted).

The first portion of the policy upon which Varanese relies states: "Income Protection means loss of 'income' and/or 'rental income' you sustain due to partial or total 'interruption of business' resulting directly from 'loss' or damage to property on the premises described in the 'Declarations' or within 1,500 feet thereof." The second portion of the policy to which Varanese refers us provides: "'Extra expense' coverage is provided at the premises described in the 'Declarations.' 'Extra expense' means necessary expenses you incur due to partial or total 'interruption of business' resulting directly from 'loss' or damage to property on the premises described in the 'declarations' from a peril insured against." "Loss" is defined in the policy as "direct and accidental loss of or damage to covered property."

Here, Varanese has alleged no "loss" as defined by the policy; instead, it focuses on other words and phrases in an attempt to create coverage. The trial court correctly concluded that it is immaterial if the interruption of Varanese's business was "partial" or total, as it never sustained a "loss" within the meaning of the policy.

Multiple jurisdictions have been asked to review similar policies in comparable situations. Varanese has cited no case law in support of its contention or its interpretation. By contrast, Erie directs us to a plethora of cases within our jurisdiction, as well as across many others, that are directly opposed to Varanese's interpretation. *See, e.g.*, *LexFit, LLC v. West Bend Mut. Ins. Co.*, 543 F. Supp. 3d 528, 532 (E.D. Ky. 2021); *Bluegrass Oral Health Ctr., PLLC v. Cincinnati Ins. Co.*, No. 1:20-CV-00120-GNS, 2021 WL 1069038, at *3 (W.D. Ky. Mar. 18, 2021); *Estes v. Cincinnati Ins. Co.*, 23 F.4th 695, 700 (6th Cir. 2022); *Goodwood Brewing, LLC*, No. 21-5759, 2022 WL 620149 (6th Cir. Mar. 3, 2022); *Wild Eggs Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 48 F.4th 645 (6th Cir. 2022); and *Renaissance/The Park, LLC v. Cincinnati Ins. Co.*, No. 21-6016, 2022 WL 1596257, at *2 (6th Cir. May 20, 2022).[2] These courts have held that COVID-19 did not cause a direct physical loss to the insureds' property necessary for

---

[2]  Due to the guidance provided from federal courts applying Kentucky law, we need not further address the numerous cases cited by Erie from other jurisdictions.

coverage.  Accordingly, we affirm on this issue as Varanese did not sustain a covered "loss" to trigger income protection or extra expense coverage under its policy.

Next, Varanese contends its policy provides coverage for "loss" or "property damage," including for "loss of use."  Varanese provided an affidavit of Lawrence S. Mayer, M.D., M.S., Ph.D., in support of its allegations that COVID-19 damaged its property.

Once again, this is not a unique or new argument as multiple jurisdictions have been asked to review similar policies in comparable situations. Yet again, Varanese has cited no case law in support of its argument, while Erie lists cases within our jurisdiction, and others, that are contrary to Varanese's position.  *See, e.g.*, *LexFit, LLC*, 543 F. Supp. 3d 528; *Bluegrass Oral Health Ctr., PLLC*, 2021 WL 1069038; *Estes*, 23 F.4th 695; *Goodwood Brewing, LLC*, 2022 WL 620149; *Wild Eggs Holdings, Inc.*, 48 F.4th 645; and *Renaissance/The Park, LLC*, 2022 WL 1596257.  These courts have consistently held that COVID-19 did not damage the insureds' property and that any loss of use due to the pandemic was neither a direct physical loss nor property damage necessary to trigger coverage. Varanese has shown no compelling reason to depart from these cases; therefore, we affirm.

Varanese further argues that coverage is provided under the commercial property portion of its policy which states, "We will pay for direct physical 'loss' of or damage to Covered Property at the premises described in the 'Declarations' caused by or resulting from a peril insured against."

Again, Varanese has alleged no "loss" as defined by the policy but, instead, focuses on a singular phrase in an attempt to create coverage. Specifically, it claims the trial court did not address the term "peril insured against." Nevertheless, Varanese's failure to properly allege a "loss" is fatal to its claim; thus, we must affirm the grant of summary judgment in favor of Erie.

Varanese additionally contends that the policy requires interpretation in its favor. This argument, however, is premised upon the policy being ambiguous. Unfortunately for Varanese, the policy is **_un_**ambiguous. Consequently, we are bound to enforce its terms and uphold the trial court's grant of summary judgment in favor of Erie.

Finally, Varanese maintains that its policy provides coverage under the "Additional Coverages" subsection labeled "Civil Authority." In pertinent part, that subsection provides:

> When a peril insured against causes **damage to property** other than property at the premises described in the "Declarations," we will pay for the actual loss of "income" and/or "rental income" you sustain and necessary "extra expense" caused by action of civil authority that **prohibits access** to the premises described

in the "declarations" provided that both of the following apply:

    a. **Access** to the area immediately surrounding the damaged property **is prohibited** by civil authority as a result of the **damage**, and the premises described in the "Declarations" are within that area but are not more than one mile from the **damaged property**; and

    b. The action of civil authority is taken in response to dangerous physical conditions resulting from the **damage** or continuation of the peril insured against that **caused the damage**, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

(Emphasis added.)

As previously discussed, Varanese has alleged no property damage that would trigger this coverage. Varanese argues that loss of use of its property satisfies the policy's definition of property damage. However, this argument has been squarely rejected. "A loss of use simply is not the same as a physical loss." *Goodwood Brewing, LLC*, 2022 WL 620149, at *2.

Additionally, Varanese was not prohibited from accessing its property, as evidenced by its continued – albeit limited – operations following the order. Other courts have come to similar conclusions. *See, e.g.*, *LexFit, LLC*, 543 F. Supp. 3d 528; *Bluegrass Oral Health Ctr., PLLC*, 2021 WL 1069038; *Estes*, 23 F.4th 695; *Goodwood Brewing, LLC*, 2022 WL 620149; *Wild Eggs Holdings, Inc.*,

48 F.4th 645; and *Renaissance/The Park, LLC*, 2022 WL 1596257. Accordingly, the trial court did not err in finding no coverage existed under this section of the policy.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Ronald R. Parry
Cincinnati, Ohio

Matthew T. Dattillo
Chicago, Illinois

David Bryant
Louisville, Kentucky

Mark P. Bryant
Paducah, Kentucky

BRIEF FOR APPELLEE:

Benjamin L. Riddle
Louisville, Kentucky