RENDERED: OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0981-MR

SHAWN ROSS LERNER											APPELLANT

v.							APPEAL FROM JEFFERSON CIRCUIT COURT
							HONORABLE BRIAN C. EDWARDS, JUDGE
							ACTION NO. 21-CI-004362

DANIEL GROSSBERG											APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: Shawn Ross Lerner appeals from the order granting summary judgment to Daniel Grossberg entered on July 12, 2022, by the Jefferson Circuit Court. After a careful review of the record, briefs, and applicable law, we reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

In 2019, Lerner and Grossberg entered a "REAL ESTATE PARTNERSHIP AGREEMENT for 3400 Diebel Way, Louisville, KY 40220" (the

"agreement").  The purpose of the agreement was to purchase the house located at that address, renovate it, and sell it for a profit – a practice commonly known as house flipping.  Although most of the funds for the venture were to be provided by Lerner,[1] the partners were to split the resulting profit or loss 50/50.  The house was purchased by Lerner for $150,000.  Repairs were made to the property, and it was sold in 2020 for $240,900.

In 2021, Grossberg sued Lerner for breach of contract and conversion. Grossberg alleged that he invoiced Lerner $42,998.71 for expenses "with regard to purchase and repair of the property" but was only repaid $33,000, leaving $9,998.71 still owed to him under the agreement.  Grossberg further alleged that he was owed 50% of the profits from the sale of the property, but Lerner never gave him his share.

Grossberg had difficulty obtaining service on Lerner even after hiring a warning order attorney and attempting service in Kentucky and South Dakota. After Grossberg moved the trial court for a default judgment, Lerner responded, *pro se*.  Lerner asserted that he had not been served in Kentucky and had only been served via a sheriff in South Dakota three days prior to Grossberg moving the trial

---

[1] Under the partnership agreement, Grossberg was to provide 12.5% of the purchase price, which was $18,750.

court for a default judgment. Lerner answered Grossberg's complaint and counterclaimed, *pro se*.

The following month, the master commissioner reported to the trial court, recommending that Grossberg's motion for default judgment be denied due to lack of proper personal service on Lerner. The trial court subsequently entered an order denying Grossberg's motion. Grossberg then moved the trial court for summary judgment. Lerner responded, *pro se*, and later moved the court for partial summary judgment. After the cross-motions for summary judgment were fully briefed and a hearing held, the court granted summary judgment in Grossberg's favor. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

---

[2] Kentucky Rules of Civil Procedure.

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Here, we review the facts in a light most favorable to Lerner and resolve all doubts in his favor. Applying the *Steelvest* standard, and based on the record, we disagree with the trial court that there was no genuine issue of material fact. Therefore, we conclude that a judgment on the pleadings or summary judgment was inappropriate.

## LEGAL ANALYSIS

On appeal, Lerner argues that the evidence placed into the record by Grossberg was insufficient and genuine issues of material fact exist. We agree.

In his complaint, Grossberg alleged that "[t]he sale resulted in a profit in excess of the minimum jurisdiction of this Court and believed to be over $30,000." No discovery was conducted to refine this amount. Nevertheless, in his motion for summary judgment, Grossberg asserts that the "total profit on the purchase was $39,080.03." He provides very little in the way of supporting

documentation and absolutely no calculations. Quite frankly, we cannot verify that amount based on the record before us.

What is known at this point, based on the current record, is that the house was bought for $150,000 and sold for $240,900, leaving the potential for $90,900 in profit. What we do not know is the amount of allowable costs and expenses under the agreement necessary to determine the profit. No affidavits were provided in support of the motion for summary judgment.

In his complaint, Grossberg alleges he invoiced Lerner $42,998.71[3] for expenses and was reimbursed $33,000, leaving $9,998.71 owed him, as well as half the profit. In his motion for summary judgment, Grossberg claims he spent $23,248.71 on repairs. Yet, confusingly, in the exhibits to his motion, Grossberg attaches a spreadsheet listing $25,437.64 in repairs. Again, the expenses listed therein were unsupported by affidavits, receipts, or other evidence.

Grossberg admits the $25,437.64 is disputed, at least in part, by Lerner. Grossberg claims "the only difference in the sum Lerner lists as being due Grossberg is a sum of $1125 [sic] that Lerner claims to have paid his girlfriend, which was not a sum that is included or reflected in the contract and agreement between the parties." The trial court's order granting summary judgment did not

---

[3] It was later illustrated in an exhibit to his motion for summary judgment that this amount reflects Grossberg's total investment in the property – $23,248.71 for repairs and $18,750 as his part of the purchase price under the agreement.

reference this discrepancy at all, finding simply that the construction and interpretations of a contract are questions to be decided by the court. While that is true, the parties herein both raised issues of fact with their respective filings that were unsupported by any sworn testimony, affidavits, or verified or certified documents. Such issues of material fact preclude the grant of summary judgment. Therefore, with the limited record before us, we find summary judgment was premature.

Moreover, no itemization has been provided to demonstrate how Grossberg derived the amount of $39,080.03 as the total profit from the sale of the property.[4] Because these issues require reversal, we need not address the remainder of Lerner's arguments.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is hereby REVERSED and REMANDED for further proceedings.

ALL CONCUR.

---

[4] We further note, due to the likelihood the trial court will have to address the issue again, that any monies owed to Grossberg for reimbursing the purchase price/repairs should be subtracted from the profit ***before*** it is split between the parties.

BRIEFS FOR APPELLANT:

Myrle L. Davis
Louisville, Kentucky

BRIEF FOR APPELLEE:

Anna Stewart Whites
Frankfort, Kentucky