RENDERED:  OCTOBER 27, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0361-MR

FERGUSON ENTERPRISES, INC.                                        APPELLANT

ON REMAND FROM KENTUCKY SUPREME COURT
v.                           (FILE NO. 2023-SC-0240-DG)

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 18-CI-004719

DREAMLAND HOSPITALITY, LLC                                        APPELLEE

OPINION AFFIRMING IN PART,
VACATING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND EASTON, JUDGES.

DIXON, JUDGE:  Ferguson Enterprises, Inc. (Ferguson) appeals from the opinion

and order granting summary judgment in favor of Dreamland Hospitality, LLC

(Dreamland) entered by the Jefferson Circuit Court on March 8, 2022.  Following a

careful review of the record, briefs, and law, we affirm in part, vacate in part, and remand.

## FACTS AND PROCEDURAL BACKGROUND

Dreamland hired Huhn Plumbing Co., LLC (Huhn) to perform construction work on a Home2Suites hotel on its real estate. Huhn contracted with Ferguson to provide materials for the project. Dreamland paid Huhn for the materials, but Huhn failed to pay Ferguson within the timeframe required under the contract. As a result, Ferguson notified Dreamland, its registered agent Mayank Patel, and member Alpesh Patel of its intent to file a lien in the amount of $133,583.73 against the real estate for materials supplied for the project. Ferguson then filed the lien.

Dreamland advised Ferguson that it contested the lien because it paid Huhn for most of the materials. Ferguson responded, asserting its lien was valid. Later, Dan Henricks of Ferguson and Atul "Alex" Patel, purportedly on behalf of Dreamland – although he clearly stated he was not an owner – exchanged emails in an attempt to reach a settlement. (Alpesh testified via affidavit that Alex is not an employee or agent of Dreamland and had no authority to negotiate on its behalf.)

Ferguson ultimately sued Huhn and Dreamland, as well as other parties not at issue in this appeal, seeking $89,942.07 – an amount reflecting

credits for returned items and payments made after the lien was filed – plus prejudgment interest, costs, and attorney fees, from Dreamland and Alpesh.

Ferguson moved the trial court to enforce the settlement agreement between it and Dreamland (through Alex). The trial court entered an opinion and order denying the motion, finding no valid settlement agreement existed.

Ferguson then moved the trial court for summary judgment. Dreamland moved to dismiss this case, which was treated as a cross-motion for summary judgment. After the matter was fully briefed, the trial court granted summary judgment in favor of Dreamland, finding the materialman's lien was not perfected because it "was not the correct amount." This appeal followed.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

---

[1] Kentucky Rules of Civil Procedure.

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists, and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Here, because the trial court granted summary judgment to Dreamland, we review the facts in a light most favorable to Ferguson and resolve all doubts in its favor. Applying the *Steelvest* standard, and based on the record, we cannot agree with the trial court that there was no genuine issue of material fact. Therefore, we conclude that summary judgment was improper.

## LEGAL ANALYSIS

On appeal, Ferguson argues the trial court erred in: (1) granting summary judgment to Dreamland, (2) denying Ferguson summary judgment, (3) denying Ferguson's motion to enforce settlement, and (4) denying Ferguson attorney fees. We will address each argument, in turn.

First, Ferguson disagrees with the trial court's determination that the amount of the materialman's lien was incorrect at the time of filing. Under KRS[2]

---

[2] Kentucky Revised Statutes.

376.080(1), the statement must include, "the amount due [the provider of the materials], with all just credits and set-offs known to [the provider.]" Neither the parties nor the court have pointed us to a requirement, and we know of none, that this amount must be updated after the lien is filed as payments and credits are made to reduce the balance. Even so, the amount must be correct with "all just credits and set-offs known to [the provider]" at the time of filing.

The lien herein was for $133,583.73. Ferguson provided a document listing the dates and amounts of 27 invoices for the Home2Suites project, totaling exactly $133,583.73. Yet, on the date the materialman's lien was filed, a credit of $1,142.26 was applied. While the lien was filed at 11:07:18 a.m., it is unclear from the record when the account was credited – whether before or after the filing of the lien – and whether Ferguson knew of the credit prior to filing its lien. Henricks' second affidavit asserts the amount of the lien was correct at the time it was filed; yet, it does not specifically address the timing of the credit. The trial court must take his assertion as truth when considering summary judgment. Moreover, if there is a factual dispute concerning whether the amount of the lien was correct at the time it was filed, summary judgment is inappropriate.

Second, Ferguson contends the trial court should have granted it summary judgment. However, the same reason that makes summary judgment currently unavailable for Dreamland also precludes summary judgment in favor of

Ferguson. Simply put: a genuine issue of material fact as to whether the amount listed in the lien was correct at the time it was filed prevents a determination of whether Ferguson had a valid and enforceable lien as a matter of law. Thus, we need not address Ferguson's further arguments concerning summary judgment.

Third, Ferguson argues the trial court should have enforced its settlement with Dreamland. However, its contentions are not supported by the record. Most importantly, the supposed settlement was negotiated with Alex, who apparently had no authority to bind Dreamland. "An agreement to settle legal claims is essentially a contract subject to the rules of contract interpretation. It is valid if it satisfies the requirements associated with contracts generally, *i.e.*, offer and acceptance, full and complete terms, and consideration." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. App. 2002). Since Alex had no authority to bind Dreamland, there was no acceptance and no valid settlement agreement. Accordingly, the trial court did not err in its determination that no settlement agreement had been created.

Fourth, Ferguson asserts it is entitled to attorney fees for breach of contract/settlement agreement. Because there was no settlement agreement, for the reasons discussed herein, this argument necessarily fails.

CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court denying Ferguson's motion to enforce the purported settlement agreement is AFFIRMED, the order of the Jefferson Circuit Court declaring Ferguson's lien invalid is VACATED, and the case is REMANDED for further proceedings consistent with this Opinion.

CETRULO, JUDGE, CONCURS.

EASTON, JUDGE, CONCURS IN RESULT AND FILES SEPARATE OPINION.

EASTON, JUDGE, CONCURRING IN RESULT: Because the amount of "just credits and set-offs known to" Ferguson when it filed its lien was a disputed fact, I concur in the decision to vacate and remand the summary judgment against Ferguson and in favor of Dreamland. But it appears we are dealing, at least in part, with small amounts (approximately one percent of the claim) allegedly paid on the same day as the lien was filed. We could be looking at a matter of hours as to when Ferguson knew of the claimed credits.

While strict compliance generally is required for a valid lien, we should acknowledge the precise amount owed is often disputed. The lien secures a "claim" not an established debt. What consists of a "just credit" or "set-off" may be debatable. Neither the parties nor this Court has located any precedents applying this phrase in KRS 376.080, which governs this specific dispute.

Cases from Missouri establish a reasonable approach to the validity of the lien based upon the amount stated in the lien notice. "A lien statement may be regarded as just and true, so as not to vitiate the entire lien, if it contains mistakes, errors of omission, non-lienable items, or fails to give all of the credits to which the account is entitled, as long as the inaccuracies are unintentional and are the result of honest inadvertence, accident, or oversight, and do not result from deliberate intention or design." *Almat Builders and Remodeling, Inc. v. Midwest Lodging LLC*, 615 S.W.3d 70, 79 (Mo. App. 2020).

The Missouri experience also provides a process for lien enforcement when the accuracy of the amount claimed in the lien statement is in question. The property owner first presents evidence that the claimed amount was inaccurate when the lien was filed. Then the claimant presents evidence addressing whether any error was intentional or an honest mistake. *Id*.

BRIEFS FOR APPELLANT:

J. David Agnew
New Albany, Indiana

BRIEF FOR APPELLEE:

Mary E. Eade
Louisville, Kentucky